```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION

 UNITED STATES OF AMERICA,                 USA v. Makki

            Plaintiff,

 -v-                                       Case No. 22-20172

 ZEINAB MAKKI,

            Defendant.
 _____/

                      PRETRIAL CONFERENCE

            BEFORE THE HONORABLE NANCY G. EDMUNDS
                 United States District Judge
           Theodore Levin United States Courthouse
                  231 West Lafayette Boulevard
                       Detroit, Michigan
                       October 10, 2023

 APPEARANCES:

 FOR THE PLAINTIFF:    Philip A. Ross
                       U.S. Attorney's Office
                       211 W. Fort Street
                       Suite 2001
                       Detroit, MI 48226

 FOR THE DEFENDANT:    Abed Hammoud
                       Abed Hammoud Law, PLLC
                       645 Griswold
                       Suite 1717
                       Detroit, MI 48226




             To Obtain a Certified Transcript Contact:
            Shacara V. Mapp, CSR-9305, RMR, FCRR, CRR
                      www.transcriptorders.com
```

1　　　　　　　　　　　　TABLE OF CONTENTS

2　MATTER　　　　　　　　　　　　　　　　　　　　　　　　　　　PAGE

3　**PRETRIAL CONFERENCE**.........................................

4　WITNESS:

5　None............................................................

6　EXHIBITS RECEIVED:

7　None Offered...................................................

8

9

10　Certificate of Reporter.................................　9

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1  Detroit, Michigan
 2  October 10, 2023
 3  10:36 a.m.
 4                          *     *     *
 5          CASE MANAGER:  Please rise.
 6          The United States District Court for the Eastern
 7  District of Michigan is in session.  The Honorable Nancy G.
 8  Edmunds presiding.
 9          The Court calls Case Number 22-20172, United States
10  of America versus Makki.
11          Would counsel please state their name for the record?
12          MR. ROSS:  Philip Ross appearing on behalf of the
13  United States.  Good morning, Your Honor.
14          THE COURT:  Good morning.
15          MR. HAMMOUD:  Good morning, Your Honor.  Abed Hammoud
16  on behalf of Ms. Makki, who is seated to my left.
17          THE COURT:  Good morning. You may be seated.  And
18  please stay seated when you address the Court.
19          So this is a pretrial conference.  It seems to me
20  like this case should be ready for trial.  And I understand
21  that you've been busy, Mr. Hammoud, but it's time to move
22  forward.
23          MR. HAMMOUD:  If I may, it's not just about me being
24  busy.  The bigger issue, it's we've had major setbacks with
25  the client's health starting from last December.  When she had
```

```
 1   a growth in the head, they had to do CT scan.  It turned out
 2   she had cancer in the thyroid.  She had to go for a surgery to
 3   remove it.  This was taken -- this was -- I'll spare the Court
 4   the timeline.  They start January, February, testing.  First,
 5   they thought, and they still think the growth can be
 6   cancerous.
 7           The CT scan for the head found cancer in the thyroid,
 8   which she had surgery for it in University of Michigan.  It
 9   was removed around June, and then they did radiations after
10   this.
11           And unfortunately, for her, in June, she was attacked
12   by a dog and got some head injury -- face injury.  She had to
13   go to the hospital, too, in June.  And then now, the growth in
14   the head.  First, they wait -- they're going to do endoscopy
15   in February to see if she has -- if the cancer has spread.
16   But the growth in the head is acting up again and they can't
17   -- and I don't know much about medical stuff, but they can't
18   really test to see that growth.  They've been observing the
19   size.  She has to go back for a CT scan on it.
20           That being said, that wasn't the only setback we had.
21   There were times -- yes, I -- this is a complicated case that
22   needs a lot of client participation.  She's a pharmacist in
23   two pharmacies for over 10 years.
24           And I have to admit to the Court, at times when she
25   was going through these tests and things, I did not meet with
```

1 her. I didn't want to call her and talk about the case,
2 because there were times she didn't know how far the cancer
3 had spread in her body.
4 The other thing that came up recently, that affects
5 this case is, we learned there's a qui tam action that's
6 sealed that's for the same facts, same pharmacies. That
7 affects my client.
8 And last week, Wednesday of last week, I was able to
9 -- the prosecutor on the case was able to do a partial lift of
10 the seal so she can share with me, the complaint that's
11 redacted on the qui tam. And from my discussion with her, we
12 had long discussions, it makes a lot of sense for my client to
13 solve both at the same time. They are related to the same
14 exact facts. And our plan, to try to get a resolution.
15 I can tell the Court, this case is not going to trial
16 from what I see. Also, we did have -- we have 300 boxes of
17 discovery that are with the FBI, the search warrant material.
18 We start going over them until my client's health set her
19 back. So I stopped going to FBI. And about two weeks ago, we
20 get a disc for one terabyte of e-mails. Which, I know the
21 Government's giving us discovery as they get it. The agents
22 told me sometimes they send these search warrants for the
23 e-mail companies and then by time they get them -- and we had
24 subpoenaed the pharmacy company back in August.
25 So I can assure this Court it's not that I'm not

1  doing anything on the case at all.  It's not because I'm just
2  busy and not doing this case.  Absolutely not, Your Honor.  I
3  can multi-task and do other case at the same time.
4  　　　　　We had some good discussion with Mr. Ross as early as
5  December about possible plea.  But the first offer, which he
6  called it a starting offer, was pretty much a charge plus more
7  variables.  We considered at some point, my client and I, to
8  plead as charged to the Court, without a Rule 11, or even
9  leave the loss open, but the qui tam action's affecting us
10 right now.
11 　　　　　We have a pharmacist expert who is going over the
12 numbers.  These are very, very extensive numbers to go over.
13 I guess it's 10 years of records, pharmacy records.
14 　　　　　So really, it's not -- no one -- I don't want the
15 Court to think, at all, we're just putting it on the back
16 burner and doing nothing on it.  Absolutely not, Your Honor.
17 It's not on purpose.  It's not my nature with my case.  I do
18 like to move my cases, for my client's sake, and for my sake.
19 　　　　　THE COURT:  Okay.
20 　　　　　Mr. Ross?
21 　　　　　MR. ROSS:  I don't have anything to add, Your Honor.
22 The plea has been provided.  The Rule 11 proposed plea was
23 provided, as Mr. Hammoud said, in December, and I don't have
24 anything to add beyond that.
25 　　　　　THE COURT:  Well, I understand that you prefer to get

1   the qui tam resolved at the same time, but I'm not inclined to
2   give you a lot more time.  You said you wanted 90 days when
3   you spoke to my case manager.
4              MR. HAMMOUD:  Yes, Your Honor.  December 5 is the
5   current trial date.  I know we come in early because both,
6   Mr. Ross and I have trials, so we don't want to put the
7   pretrial conference in November, which the pretrial practice
8   in this Court, about a month before the trial.  But our trial
9   date is December 5.
10             I do -- if we can have 90 days from December 5, for
11  the trial date, I will do a pretrial conference probably a
12  month before that.  I'm really hoping to make a big progress
13  on both cases by then.
14             THE COURT:  I'll do that.  But I am telling you now,
15  that I'm not going to extend further.  So if you need to push
16  the prosecutor on the qui tam case and tell her that this one
17  has to go, I mean, it's been 18 months since her initial
18  appearance.  And I understand what happens when you have a
19  cancer diagnosis.  I have been through that myself, so I'm
20  sympathetic.  But now, it's time to move forward.
21             I'll give you the 90 days.
22             So new trial date, Lisa, maybe in March.
23             CASE MANAGER:  Sorry, my computer's not cooperating.
24  There it goes.
25             We can do March 5th or 12th.

```
 1              MR. ROSS:  Yes, Your honor, I believe March 5th
 2   works.
 3              THE COURT:  March 5th.  And then a final pretrial
 4   plea cutoff sometime in February.
 5              CASE MANAGER:  How about February 13th?
 6              MR. HAMMOUD:  Fifteen; one, five?
 7              CASE MANAGER:  13th.
 8              MR. ROSS:  13th?
 9              MR. HAMMOUD:  The Tuesday, you mean?
10              CASE MANAGER:  Yes.
11              MR. HAMMOUD:  Yeah, that should be fine.
12              MR. ROSS:  What time?
13              CASE MANAGER:  11:00.
14              MR. ROSS:  All right.
15              MR. HAMMOUD:  Do you have an afternoon on that date?
16   I could be in another trial, but not sure.  If you have it.
17   If not, I will keep it.
18              CASE MANAGER:  I can do 1:30.
19              MR. HAMMOUD:  1:30, that's good.  Thank you.
20              CASE MANAGER:  1:30?
21              MR. ROSS:  Yes.  Thank you.
22              THE COURT:  Okay.  Is there anything else we can do
23   today?
24              MR. HAMMOUD:  No, Your Honor.  We appreciate and
25   thank you a lot, and we do everything we can to solve it by
```

```
 1   then.
 2             THE COURT:  Okay.  Good.
 3             CASE MANAGER:  Speedy trial.
 4             MR. ROSS:  Yeah, I'll prepare the speedy trial order.
 5             THE COURT:  Okay.  Thank you.
 6             MR. HAMMOUD:  Thank you, Your Honor.
 7             CASE MANAGER:  We're in recess until 1:30.
 8             THE COURT:  Let's get that speedy trial order in by
 9    the end of this week, too, please.
10             MR. ROSS:  Yes, Your Honor.
11       (The proceeding was adjourned at 10:44 a.m.)
12                        *    *    *
13                    C E R T I F I C A T E
14     I certify that the foregoing is a correct transcription of
15    the record of proceedings in the above-entitled matter.
16
17   S/ Shacara V. Mapp                        11/16/2023
18   Shacara V. Mapp,                          Date
19   CSR-9305, RMR, FCRR, CRR
20   Official Court Reporter
21
22
23
24
25
```