

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                           Hon. Nancy G. Edmunds

v.

                           Case No. 22-cr-20172

Zeinab Makki,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Zeinab Makki, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.  Count of Conviction**

The defendant will plead guilty to Count 1, of the Indictment. Count 1 charges the defendant with health care fraud in violation of Title 18, United States Code, Section 1347.

**2.  Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which she is pleading guilty carry the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 10 years |
|---|---|---|
| | Fine: | Up to Twice Amount Obtained |
| | Term of supervised release: | Up to 3 years |

3. **Elements of Count of Conviction**

The elements of Count 1 are:

(A)   First, the defendant executed a scheme or attempted to execute a scheme to defraud a healthcare benefit program by false and or fraudulent pretenses, representations, or promises;

(B)   Second, the false or fraudulent pretenses related to a material fact;

(C)   Third, the purpose of the scheme was to defraud federal Medicare, Medicaid and Blue Cross Blue Shield of Michigan.

(D)   The defendant acted with intent to defraud the above-described federal healthcare benefit programs as defined by Title 18, United States Code, Section 24.

4.     **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

The defendant, Zeinab Makki, was a licensed pharmacist in the State of Michigan. She served as the pharmacist-in-charge at New Millennium Drugs, which operated in Inkster, Michigan, between 2001 and 2021. She served as the pharmacist-in-charge at Western Wayne Pharmacy between 2017 and 2021.

As part of the scheme, the defendant, Zeinab Makki, submitted claims to Medicare, Medicaid, and Blue Cross Blue Shield of Michigan (BCBSM) for pharmaceuticals she purported to dispense from NMD and WWP. In fact, both NMD and WWP lacked the actual inventory to dispense the pharmaceuticals that she claimed to submit.

- *New Millenium Drugs (NMD)*

The defendant agrees that she caused Medicare to pay approximately $4,011,580 to NMD for pharmaceuticals not actually dispensed. The defendant agrees that she caused Medicaid to pay NMD approximately $2,674,387 for pharmaceuticals not actually dispensed.

- *WWP*

The defendant agrees that she caused Medicare to pay approximately $22,715 to WWP for pharmaceuticals not actually dispensed. The defendant agrees that she caused Medicaid to pay WWP approximately $92,006 for pharmaceuticals not actually dispensed.

## 5.   Advice of Rights

The defendant has read the First Superseding Indictment, has discussed the charges and possible defenses with her attorney, and understands the crime charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

**6.    Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her conviction here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her conviction.

## 7. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, if the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

| §2B1.1(a)(2) | Base Offense Level:6 |
|---|---|
| § 2B1.1(b)(1)(K) | Loss Amount Exceeds $3.5 million +18 |

| § 2B1.1(b)(7)(B)(ii) | Offense Involves Federal Healthcare Benefit Program More Than $1,000,000 +2 |
| § 3B1.3 | Abuse of Trust/Special Skill +2 |

The parties stipulate that the defendant submitted claims to Blue Cross Blue Shield of Michigan at NMD for pharmaceuticals not dispensed at NMD causing a loss of $92,300. The parties stipulate and agree that the defendant submitted claims to BCBSM for pharmaceuticals at WWP causing a loss of $7,012.

The parties agree that the defendant should qualify for the an additional -2 level reduction under USSG §4C1.1 if the Probation Department determines that she lacks any criminal history.

The parties have no other recommendations as to the defendant's guideline calculation.

**D.    Parties' Obligations**

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 13.B, 13.C, or 13.D. Neither party is otherwise restricted in what it may

argue or present to the Court as to the defendant's guideline calculation.

### E.    Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 8.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.    Imprisonment

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment Count One not exceed the top of the defendant's guideline range as determined by the Court.

### C.    Supervised Release

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 3-year term of supervised release.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant

agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

The defendant agrees that she owes the restitution to the parties below in the following amounts:

| Medicare – NMD | $4,011,580 |
| Medicaid- NMD | $2,674,387 |
| BCBSM-NMD | $92,300 |
| Medicare-WWP | $22,715 |
| Medicaid-WWP | $92,006 |
| BCBSM-WWP | $7,012 |

F.    **Forfeiture**

**Forfeiture Money Judgment:** The defendant also agrees, pursuant to Fed. R. Crim. P. 32.2, and 18 U.S.C. § 982(a)(7), to the entry of a personal forfeiture money judgment against her in favor of the United States in the amount of $6,900,000, which represents the amount of proceeds the defendant obtained or derived, directly or indirectly, from her violation of 18 U.S.C. § 1347.

The defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant.  To satisfy the money judgment, the defendant explicitly agrees to the forfeiture of any assets she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

The defendant agrees to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, containing the the forfeiture money judgment, upon application by the United States at, or any time before, her sentencing in this case. The defendant agrees to sign such an order, indicating she consents to its entry if requested to do so by the government.  The defendant agrees that the forfeiture order will be final and effective as to her upon entry by the Court.

The defendant agrees to complete and return a Financial Disclosure Form within three weeks of receiving it from government counsel, which may be used in any lawful manner to collect the money judgment amount and/or restitution, and which may be disclosed to any agencies or personnel of the government for that purpose.  The financial

statement shall disclose and list all assets, funds and property of any kind in which the defendant has an interest, all liens and encumbrances against such assets, funds and property, and all of the defendant's liabilities. The financial statement must be signed by the defendant under penalty of perjury.

The defendant will cooperate with in the government as requested by the government in connection with the government's efforts to identify, locate, seize, and forfeit property that is subject to forfeiture under this agreement.  The defendant agrees that she will cooperate with the United States by taking whatever steps are necessary to deliver possession of, and clear title to, property that is forfeitable to the United States under this agreement and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture.  If any other person or entity has any interest in such property, the defendant will provide the government with the name and address of the person or entity that has an interest in, and/or possession

of, the asset, and assist the government in obtaining a release of interest from any such other person or entity.

The defendant waives her right to have a jury determine the forfeitability of her interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that she understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and/or forfeiture of property covered by this Plea Agreement.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described

forfeiture including any challenge based upon the Excessive Fines

Clause of the Eighth Amendment to the United States Constitution.

Upon entry by the Court of an Order of Restitution as part of the

Judgment of Conviction in this criminal case and the forfeiture of any

specific assets in this case becoming final, the United States Attorney's

Office for the Eastern District of Michigan agrees to prepare a Request

for Restoration of Forfeited Assets to Known Victim(s).  The Request for

Restoration will be submitted to the Department of Justice, Criminal

Division, Money Laundering and Asset Recovery Section (MLARS) for

determination.  Defendant acknowledges that no representation has

been made to her, however, as to the outcome of such a Request for

Restoration and understands that the MLARS may grant the Request

for Restoration, may grant in-part the Request for Restoration, or may

deny the Request for Restoration.  Defendant expressly acknowledges

that the Request for Restoration may be denied and that no

representations have been made to her by or on behalf of the United

States Attorney's Office or the Department of Justice as to the

likelihood that such a Request will or would be granted.

The parties specifically acknowledge that the following assets have been seized in this case and reserve to the court's determination at sentencing whether the following are subject to forfeiture:

1.     $134,990.50 in funds from Bank Account #862081937 in the name of Western Wayne Pharmacy at JP Morgan Chase Bank, Huntington Woods, Michigan (22-FBI-002887).

2.     $432,135.59 in funds in lieu of real property located at 5111 Commerce Road, Orchard Lake, Michigan (23-FBI-000897).

(hereinafter collectively referred to as the "Subject Property").

### G.     Special Assessment

The defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

## 9.     Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right she may have to appeal her sentence on any grounds.

## 10.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 11.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw her guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct.
If the government reinstates any charges or files any additional charges
as permitted by this paragraph, the defendant waives her right to
challenge those charges on the ground that they were not filed in a
timely manner, including any claim that they were filed after the
limitations period expired.

### 12.   Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her
guilty plea for any reason, she waives all of her rights under Federal
Rule of Evidence 410, and the government may use her guilty plea, any
statement that the defendant made at her guilty plea hearing, and the
factual basis set forth in this agreement, against the defendant in any
proceeding.

### 13.   Parties to Plea Agreement

This agreement does not bind any government agency except the
United States Attorney's Office for the Eastern District of Michigan.

### 14.   Scope of Plea Agreement

This plea agreement is the complete agreement between the
parties and supersedes any other promises, representations,

understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 15.  Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 12 p.m. on February 13, 2024. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____          _____
Regina R. McCullough                   Philip A. Ross
Chief, Health Care Fraud Unit          Assistant U.S. Attorney
Assistant U.S. Attorney                Health Care Fraud Unit

Dated: February 13, 2024

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____
Abed Hammoud
Attorney for Defendant

_____
Zeinab Makki
Defendant

Dated:  2 - 13 - 2024